Frank **FONTENOT**
v.
Lieutenant General David **WADE**, State Director of Selective Service, Selective Service Local Board No. 103, Baton Rouge, Louisiana.

Civ. A. No. 70–1641.

United States District Court,
E. D. Louisiana,
New Orleans Division.
July 15, 1970.

Kenneth C. Scullin, Lannis A. Kircus, Baton Rouge, La., for plaintiff.

Gerald J. Gallinghouse, U. S. Atty., James Carriere, Asst. U. S. Atty., New Orleans, La., for defendant.

HEEBE, District Judge.

Plaintiff, Frank Fontenot, seeks an injunction to prohibit his local draft board from ordering his induction into the armed forces. Plaintiff further prays for a mandamus compelling his local board and the Secretary of the Army to reclassify him from I–A (available for induction) to IV–F (physically unfit).

The defendant, in answering this suit, filed a motion to dismiss on the grounds that plaintiff's complaint fails to state a claim upon which relief can be granted in that the Court does not have jurisdiction to entertain a pre-induction review of plaintiff's selective service classification. This motion was filed the morning of the hearing set for determination of issuance *vel non* of the preliminary injunction.

The issue here is whether or not a man ordered to report for induction into the armed forces can challenge the legality of that order prior to reporting for duty. Section 10(b) (3) of the Selective Service Act provides:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under Section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, * * *"
50 U.S.C. App. § 460(b) (3)

The Supreme Court has recently interpreted and ruled on the constitutionality of Section 10(b) (3): Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968); and Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970).

In *Oestereich* the Court held that pre-induction review is not precluded by Section 10(b) (3) where the inductee is plainly and unequivocally entitled to a statutory deferment which the draft board has arbitrarily revoked under an administratively defined concept of delinquency. There, Mr. Oestereich was enrolled as a student at a theological school preparing for the ministry and was originally classified as IV–D (an exempt classification) by his draft board. 50 U.S.C. App. § 456(g) gives such students specific exemption from training and service under the Selective Service Act. Mr. Oestereich returned his draft card to his local board to express his opposition to the war in Viet Nam. Shortly thereafter his board declared him delinquent for his failure to have his draft card in his possession and for failure to notify his board of his local status. The board then changed his IV–D classification to 1–A. He then took an administrative appeal, lost and was ordered to report for induction. He then

brought suit to restrain his induction, and the district court dismissed his complaint on the basis of Section 10(b) (3), and the Court of Appeals affirmed. The Supreme Court held Section 10(b) (3), as an organic whole, was constitutional but that it would not sustain a literal reading and was not applicable to the facts at bar.

In *Clark* the Court reversed the district court's holding that Section 10(b) (3) was unconstitutional and would not allow Mr. Clark a pre-induction judicial review of his draft classification. Mr. Clark had applied for a CO (conscientious objector) classification, but the draft board refused the classification and issued a I-A classification. The Court, in distinguishing *Clark* from *Oestereich* noted, 393 U.S. at 258, 89 S. Ct. at 426, that "Oestereich, as a divinity student, was by statute unconditionally entitled to exemption. Here, by contrast, there is no doubt of the Board's statutory authority to take action which [Clark] challenges, and that action inescapably involves a determination of fact and an exercise of judgment. * * * Here the Board has exercised its statutory discretion to pass on a particular request for classification, 'evaluating evidence and * * * determining whether a claimed exemption is deserved.'"

In *Breen* the Court applied *Oestereich* to allow Mr. Breen the benefit of a pre-induction judicial review otherwise prohibited by Section 10(b) (3). The facts in *Breen* are remarkably similar to those in *Oestereich*. Mr. Breen was an undergraduate student and was given a II-S student classification by his local draft board and deferred according to specific statutory direction. 50 U.S.C. App. § 451 et seq. Mr. Breen then surrendered his draft card to a minister at some public gathering which was protesting the war in Viet Nam. Soon thereafter the draft board declared him delinquent for not having his draft card, reclassified him I-A and ordered him inducted.

It thus appears that Section 10(b) (3) prohibits petitioner, Frank Fontenot, from obtaining a pre-induction judicial review of his draft classification unless he can bring his case under a set of facts similar to *Oestereich*. In *Oestereich*, the *fact* that he was a divinity student was undisputed; the *law* that divinity students were statutorily exempt was undisputed. In *Breen*, the *fact* that he was an undergraduate student was undisputed; the *law* that undergraduate students were statutorily deferred was undisputed. In *Clark*, the *fact* whether he was a conscientious objector and entitled to that classification was *disputed*; even though the *law* that conscientious objectors are entitled to statutory exemptions is undisputed.

Here, the law is not disputed that one not physically fit is by statute ineligible for induction; nor is it disputed that the Army regulations provide for rejecting as unfit potential inductees who suffer "herniation of intervertebral disc."

The appropriate statute and regulation are

"No person shall be inducted into the Armed Forces for training and service * * * until his acceptability in all respects, including his physical and mental fitness, has been satisfactorily determined under standards prescribed by the Secretary of Defense * * *" 50 U.S.C. App. § 454(a).

"The causes for rejection for * * * induction are * * * ruptured nucleus pulposus (herniation of intervertebral disc) or history of operation for this condition." Army Regulation 40–501, XVIII, 2–36, g.

What is disputed is whether or not Mr. Fontenot suffers from herniation of intervertebral disc. This *factual dispute* has been resolved by the draft board against Mr. Fontenot. Thus, the case at bar comes within the factual framework of Clark v. Gabriel, *supra*, and this Court is barred by Section 10(b) (3) from making any pre-induction judicial review of Mr. Fontenot's draft classification.

The result reached by the Court would be wholly different if it were undisputed

that Mr. Fontenot had a serious medical condition which entitled him to a IV–F (physically unfit) classification, which he had been awarded and which was then arbitrarily taken away from him for his participation in acts disapproving of the Viet Nam war.

The Court, although it heard the testimony of Dr. Thomas Flynn, a neurological surgeon, expresses no opinion on either the medical condition of petitioner, Mr. Fontenot, or the correctness of the draft classification given to Mr. Fontenot.

The petitioner, if he wishes to further challenge his I–A classification and consequent induction must either (1) proceed by writ of habeas corpus after induction (Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968); Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944)); or (2) refuse induction and advance his claim as a defense to a possible criminal prosecution.

For the foregoing reasons, it is the judgment of this Court that respondents' motion to dismiss, be, and the same is hereby, granted.